IN THE DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| TONY A. CLARK, | * | |
| Plaintiff, | * | |
| GEARBULK HOLDING LIMITED, Owner and Operator of the M/V WESTFIELD; The M/V WESTFIELD, *in personam* and the M/V WESTFIELD, her engines, boilers, tackle, apparel, appurtenances, etc., *in rem*. | * * * | CV NO.: 2010-340 |
| Defendants. | * | |

**LONGSHOREMAN'S AMENDED VERIFIED COMPLAINT UNDER 33 U.S.C. 905 (b), GENERAL MARITIME LAW AND NEGLIGENCE**

COMES NOW, TONY A. CLARK, a person of full age and majority and a resident of the City of Mobile, County of Mobile, State of Alabama, and respectfully represents:

**JURISDICTION AND VENUE**

1. Plaintiff, TONY A. CLARK (hereinafter Plaintiff), is over the age of 19, and is a citizen and resident of Mobile County, State of Alabama.

2. Defendant GEARBULK HOLDING LIMITED (hereinafter Gearbulk) is a Bermudan corporation, partnership, or other business entity with an office located in Tampa, Florida. This Defendant was at all times material the Owner or Operator of the oceangoing vessel M/V WESTFIELD. The Defendant is subject to the jurisdiction of this Court by virtue of their contacts with the State of Alabama or their substantial conduct or systematic business in the State of Alabama. This cause of action arose in Mobile County, Alabama. Therefore, jurisdiction and venue properly lie in this County.

3. The Defendant, M/V WESTFIELD, and her engines, tackle, furniture and appurtenances, etc., *in rem*, is an ocean going vessel documented under the laws of Bermuda or other foreign country, engaged in the transportation of merchandise and cargo by water for hire,

and Plaintiff alleges on the basis of information and belief, that said vessel is now or during the pendency of this action will be within this District and within the Jurisdiction of this Court, and further alleges that Owners and Operators of said vessel have, prior to commencement of this action, specifically agreed in a letter of undertaking provided to Plaintiff to accept service of process for *in rem* jurisdiction, and in connection therewith, further agreed to file an Appearance and Claim of Owner to effectuate *in rem* jurisdiction as if the vessel has been arrested.

4.  The Court has jurisdiction of this action and the parties based on admiralty jurisdiction, 28 U.S.C. § 1333, and in the alternative, based on diversity of citizenship and amount in controversy, pursuant to 28 U.S.C. § 1332.

5.  To the extent necessary, the Court may also base jurisdiction on ancillary and/or pendent jurisdiction for negligence claims.

## PARTIES

6.  Plaintiff is a person of full age and majority and a resident of the City of Mobile, Mobile County, Alabama.

7.  Defendant Gearbulk was, at all times relevant to this Complaint, the Owner and Operator of the M/V WESTFIELD (hereinafter the Vessel).

## FACTS COMMON TO ALL CAUSES

8.  On or about February 13, 2010, Plaintiff was employed by CSA Equipment Company, LLC.

9.  Based on information and belief, CSA Equipment Company was hired by the Defendant to load the Vessel with cargo at Pier South C in the Port of Mobile.

10. On or about February 13, 2010, the Vessel, IMO number 8316704, was a Bahamian flagged vessel with 27,818 gross weight tonnage.

11. At all times relevant to this Complaint, the Vessel was in navigation upon the waters of the United States; specifically, the Vessel was anchored or moored in the Port of Mobile, engaged in cargo operations within the State of Alabama.

12. During the afternoon hours of February 13, 2010, the Plaintiff was acting in his capacity as a longshoreman truck driver for CSA Equipment Company.

13. CSA Equipment Company was in charge of providing longshoreman services to the Vessel.

14. The Plaintiff's crew was to discharge bale woodpulp from the Vessel.

15. The vessel cargo loading operations commenced in the early morning hours on February 13, 2010.

16. On February 13, 2010, at approximately 9:30 AM, Plaintiff drove his truck into loading position alongside the vessel. A load of woodpulp came out of the vessel's hatch and when the load cleared the vessel's crane leg, all the wires on the crane broke sending the woodpulp load falling onto Plaintiff's truck below. The impact of the load caused Plaintiff hit his neck and right shoulder on the controls of the truck. He reported the injury to CSA Equipment Company supervisor, Alan Nelson, who instructed Plaintiff to go to Springhill Hospital Emergency Room for medical treatment. Plaintiff later had surgery to repair his right shoulder by Dr. William Crotwell, III of Alabama Orthopaedic Clinic, P.C.

17. As a proximate result of the fall, the Plaintiff sustained severe and permanent injuries to his body and mind.

**COUNT ONE – 33 U.S.C. § 905 (b) – GEARBULK HOLDING LIMITED**

18. All allegations contained in the previous paragraphs are realleged herein.

19. The injury complained of was the result of the negligence of Defendant Gearbulk; specifically, Defendant owed Plaintiff a duty to provide him with a safe place to work.

20. Defendant knew or should have known that Plaintiff would be working in an area that would put him in close proximity to the Vessel's crane. Further, it was foreseeable to Defendant that injury would result if said crane, which while maintained by CSA Equipment Company, was not properly functioning when it was turned over to the longshoreman prior to the commencement of cargo loading operations while the Vessel was in port.

21. Defendant had a duty to provide the CSA Equipment longshoreman with a proper crane while longshoremen were unloading cargo off of the Vessel.

22. As a direct and proximate result of Defendant's breach of the duty owed to Plaintiff, the Plaintiff was injured and suffered damages when the crane's wires gave way, causing the vessel's load to fall from the Vessel and onto Plaintiff's truck.

23. The injuries to Plaintiff's body and mind are the direct and proximate result of the negligence of Defendant Gearbulk for failing in their duty of care to which they owed to Plaintiff.

24. Plaintiff seeks any and all damages, general or special, to which Plaintiff may be entitled pursuant to 33 U.S.C. 905 (b) and common law, and in excess of the jurisdictional limits of this Court.

## DAMAGES

25. All allegations contained in the previous paragraphs are realleged herein.

26. Plaintiff sustained injury as a direct, foreseeable and proximate consequence of the hazardous and/or unsafe condition aboard the M/V WESTFIELD; Defendant owed Plaintiff a duty to provide a safe work place while he and his fellow longshoreman were unloading the Vessel. Defendant was aware that the process of loading cargo onto the Vessel required longshoremen, such as the Plaintiff, to use the M/V WESTFIELD's crane. Plaintiff is therefore entitled to recovery of the damages as alleged herein against the Vessel *in rem* and her Owners and Operators *in personam* based on the General Maritime Law, 33 U.S.C. § 905 (b) of the Longshore Act and/or general principles of negligence.

27. As a direct and proximate result of Defendant's tortuous conduct as aforesaid, Plaintiff has suffered serious and grievous injuries to his body and mind. Plaintiff has been damaged in the following particulars:

    (a) Plaintiff has suffered physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

    (b) Plaintiff has incurred medical, pharmaceutical, and other expenses and will incur medical, pharmaceutical, and other expenses in the future due to his injury;

    (c) Plaintiff suffers a physical impairment in his loss of full use of his body and mind and will continue to suffer this impairment in the future due to his injuries.

    (d) Plaintiff has suffered lost earnings and will suffer the loss of ability to earn income in the future because of his injuries.

    (e) Plaintiff seeks interests and costs as provided by law.

28. Plaintiff seeks any and all other damages, general or special, to which the Plaintiff may be entitled pursuant to statutory and common law.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays as follows:

    (a) Plaintiff demands judgment against the Defendant for general damages, special damages, for his costs expended therein, for pre-judgment interest from the date of Plaintiff's injury and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled.

    (b) That a Decree of Condemnation be issued against the property and credits of the Defendant herein, and against the proceeds of sale of said vessel, for the amount of the Plaintiff's claim plus interest, attorneys fees and costs thereon;

    (c) That the Plaintiff have and receive such other, different and further relief as justice and equity may require

        Respectfully Submitted,

        s/Michael G. Huey
        MICHAEL G. HUEY (HUEYM5200)
        DWAIN C. DENNISTON, JR. (DENND7223)
        ATTORNEY FOR THE PLAINTIFF
        Post Office Box 1806
        Mobile, Alabama 36602
        (251)433-6622
        (251)433-6654 (fax)

        s/Tony A. Clark
        Tony A. Clark
        Plaintiff in the above Cause of Action

PLEASE SERVE DEFENDANT
VIA CERTIFIED MAIL AT:

Gearbulk Holding Limited
3000 Bayport Drive
Suite 450
Tampa, Florida 33607